IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ELISHA STOKES, AN INDIVIDUAL,<br><br>Plaintiff,<br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Defendant. | NO. 1:24-0006<br><br>**DEFENDANT'S ANSWER AND JURY DEMAND** |

COMES NOW Defendant, Travelers Property Casualty Company of America, and for its answer to Plaintiff's removed Petition states as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 is denied. As the contents of the Petition makes clear, this is an alleged bad faith action against Defendant Travelers Property Casualty Company of America and not a claim for injuries as a result of the April 14, 2018, incident.

**JURISDICTION**

2. In response to Paragraph 2, it is admitted that the alleged amount in controversy exceeds $75,000.

**PARTIES**

3. In response to Paragraph 3, it is admitted that Plaintiff was, at all material times, a resident of the State of Nebraska. The remaining allegations are denied for lack of sufficient information.

4. In response to Paragraph 4, it is admitted that Defendant Travelers Property Casualty Company of America was the workers' compensation insurance company for Carroll Distribution on or about April 14, 2018. The remaining allegations are denied.

## COUNT I
## BAD FAITH

5. In response to Paragraph 5, it is admitted that Plaintiff sustained an injury as a result of an accident arising out of, and in the course of, his employment with Carroll Distributing on or about April 14, 2018.

6. In response to Paragraph 6, it is admitted that Iowa Code section 85.27 outlines the rights and responsibilities of the Employer/Insurer and the Claimant as it pertains to medical care for a work-related injury and that Defendant complied with that statute.

7. In response to Paragraph 7, it is admitted that Defendant authorized treatment with Dr. Are as a result of a referral from Dr. Strubel.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied. Affirmatively, Defendant alleges that Plaintiff refused the offered care of non-narcotic regimen of treatment offered by Dr. Are.

10. Paragraph 10 is denied for lack of sufficient information.

11. In response to Paragraph 11, it is admitted that the attorney for Stokes requested that Defendants authorize treatment. It is further admitted that Defendants responded on November 30, 2018, indicating Plaintiff was authorized to continue to treat with Dr. Are who was offering a non-narcotic treatment regimen. The balance of Paragraph 11 is denied.

12. In response to Paragraph 12, it is admitted that on or about December 3, 2018, Chris, an agent for Defendant, contacted Dr. Are's office inquiring about a potential referral by Dr. Are to another pain clinic. The balance of Paragraph 12 is denied.

13. Paragraph 13 is denied for lack of sufficient information.

14. in response to Paragraph 14, it is admitted that Defendant, through Counsel, continued to offer a non-narcotic treatment regimen through Dr. Are and that Plaintiff wanted Percocet or other opioid medications.

15. In response to Paragraph 15, it is denied that Dr. Are made a referral to Midwest Pain. It is admitted that Defendant, through Counsel, continued to offer a non-narcotic treatment regimen through Dr. Are and that Plaintiff's referral request was not authorized.

16. In response to Paragraph 16, it is admitted that on or about February 6, 2019, Defendant rejected Plaintiff's request for treatment at Midwest Pain Clinic. It is denied that the request was per a referral by Dr. Are.

17. Paragraph 17 is denied for lack of sufficient information.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. In response to Paragraph 20, it is admitted that Dr. Are continued to be Plaintiff's authorized treating provider as indicated in their letter dated May 17, 2019.

21. Paragraph 21 is denied.

**CARE FOR POST-TRAUMATIC STRESS DISORDER AND DEPRESSION**

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. In response to Paragraph 25, Defendant admits Dr. Davis evaluated Plaintiff on the date alleged and that the record speaks for itself.

26. In response to Paragraph 26, Defendant admits only that Dr. Davis' record speaks for itself.

27. In response to Paragraph 27, Defendant admits only that Dr. Davis' record speaks for itself.

28. In response to Paragraph 28, it is admitted that Defendant provided Dr. Davis with additional medical records and sought a supplemental opinion. The remaining allegations are denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied for lack of sufficient information.

31. Paragraph 31 is denied for lack of sufficient information.

32. In response to Paragraph 32, it is admitted that Dr. Davis issued his supplemental opinion on May 16, 2019. It is further admitted that Defendants authorized Plaintiff to see Dr. Arias.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied for lack of sufficient information.

35. In response to Paragraph 35, it is admitted that an appointment for Plaintiff was scheduled with CHI Allegiant on June 26, 2019.

36. In response to Paragraph 36, Defendant admits the quoted language appears in the cited Iowa Code section but neither admits nor denies Plaintiff's assertion as to what Iowa law affords.

37. In response to Paragraph 37, it is admitted that Plaintiff filed a petition for alternative care and a Decision was entered by the Deputy Commissioner on June 20, 2019. It is further admitted that the Decision authorized Plaintiff to see Dr. Boser at Midwest Pain Clinic and otherwise speaks for itself.

38. Paragraph 38 is denied.

39. In response to Paragraph 39, Defendant neither admits nor denies what Iowa law provides.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

WHEREFORE Defendant prays that Plaintiff's Petition be dismissed and all costs taxed to Plaintiff.

## COUNT II
## BREACH OF FIDUCIARY DUTY

42. Defendant restates its answers to Paragraphs 1-41 as if set forth fully herein.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

WHEREFORE Defendant prays that Plaintiff's Petition be dismissed and all costs taxed to Plaintiff.

## COUNT III
## INTENTIONAL INTERFERENCE BREACH OF CONTRACT

45. Defendant restates its answers to Paragraphs 1-44 as if set forth fully herein.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

WHEREFORE Defendant prays that Plaintiff's Petition be dismissed and all costs taxed to Plaintiff.

## COUNT IV
## PUNITIVE DAMAGES

50. Defendant restates its answers to Paragraphs 1-49 as if set forth fully herein.

51. Paragraph 51 is denied.

WHEREFORE Defendant prays that Plaintiff's Petition be dismissed and all costs taxed to Plaintiff.

## INJURIES

52. Paragraph 52 is denied.

## DAMAGES

53. Paragraph 53 is denied.

## DEMAND FOR JURY TRIAL

54. Defendant hereby respectfully demands a trial by jury of all issues in this case.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the exclusive remedy doctrine.

2. Some or all of Plaintiffs claims in this matter are barred by collateral estoppel and/or res judicata because some or all of the relief sought in this action has been or could have been sought in the administrative action.

3. Defendant had an objectively reasonable basis for the claims handling decisions herein.

4. Plaintiff's damages are barred in whole or in part for failing to mitigate her damages.

        Respectfully submitted,

*/signature/*

Timothy A. Clausen
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
clausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

      I hereby certify that on April 9, 2024, I emailed the foregoing document to counsel of record.

      /s/ Timothy A. Clausen
      Timothy A. Clausen